UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHONTRICE L. GREEN,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>    Defendant. | No. 1:19-cv-00058-NONE-BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REVERSING AGENCY'S DENIAL OF BENEFITS AND ORDERING REMAND<br><br>(Doc. No. 30) |

    Plaintiff Shontrice L. Green filed this action seeking judicial review of a final decision of the Commissioner of Social Security[1] ("Commissioner") denying her application for supplemental security income ("SSI") under Title XVI of the Social Security Act.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On March 13, 2020, the assigned magistrate judge filed findings and recommendations recommending that the Commissioner's determination be reversed and the action be remanded for further administrative proceedings. (Doc. No. 30.)  The findings and recommendations were

---

[1] Andrew M. Saul is now the Commissioner of Social Security.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit.

1

served on the parties and contained notice that any objections to the findings and recommendations were to be filed within fourteen (14) days from the date of service. On March 27, 2020, the Commissioner timely filed objections. (Doc. No. 31.) Plaintiff did not file a response to the Commissioner's objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a de novo review of this case. Having carefully reviewed the entire file, including the Commissioner's objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

The findings and recommendations succinctly summarized the underlying decision by the Administrative Law Judge ("ALJ") as follows:

> The ALJ found that Plaintiff engaged in substantial gainful activity during the third quarter of 2016, the first quarter of 2017, and the third quarter of 2017. AR 18. However, there had been a continuous twelve-month period during which Plaintiff did not engage in substantial gainful activity and the remaining findings addressed the period that the Plaintiff did not engage in substantial gainful activity. AR 18. Further, the ALJ identified degenerative disc disease of the lumbar spine and obesity as severe impairments. AR 18. The ALJ then determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. AR 20-21. Based on a review of the entire record, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work, could lift and carry twenty pounds occasionally and ten pounds frequently, stand and/or walk for up to six hours in an eight-hour workday, sit for up to six hours in an eight-hour workday, occasionally climb ladders, ropes, scaffolds, ramps, and stairs, occasionally push and pull bilaterally with her upper extremities, occasionally balance, crawl, crouch, kneel and stoop, and should not work in jobs that require constant reading of fine print or frequent work with small objects. AR 21-26. With this RFC, the ALJ determined that Plaintiff was unable to perform any past relevant work. AR 27. Plaintiff was classified as a younger individual age 18-49 on the date the application was filed, has limited education and is able to communicate in English, and transferability of job skills was not an issue in the case because Plaintiff's past relevant work was unskilled. AR 27. Considering Plaintiff's age, education, work experience, and RFC, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. AR 27-28. The ALJ therefore concluded that Plaintiff was not under a disability, as defined in the Social Security Act, since May 6, 2015, the date the application was filed. AR 28-29.

(Doc. No. 30 at 5.)

The findings and recommendations reasoned that remand for further findings was appropriate as to one matter. Specifically, treating physician Dr. Bryan indicated in a March 21, 2017 opinion that plaintiff should avoid bending and twisting of her low back. While the ALJ indicated that he incorporated this opinion into the RFC finding, the magistrate judge correctly concluded that the RFC finding did not address the limitations on bending and twisting. (Doc. No. 30 at 10.)

In his objections, the Commissioner first argues that the ALJ in fact did incorporate Dr. Bryan's March 21, 2017 opinion that plaintiff should avoid bending or twisting her lower back into the RFC determination by finding that plaintiff was limited to "occasional stooping (bending at the waist)." (Doc. No. 31 at 3.) However, this argument was previously advanced in the Commissioner's responsive brief before the magistrate judge, and the Commissioner cites no authority for the proposition that occasional stooping is synonymous with a finding that a claimant should avoid bending or twisting of the lower back. The ALJ was required to explain how the limitations described in Dr. Bryan's March 21, 2017 opinion, which the ALJ credited, related to the RFC determination. *See Dela Cruz v. Colvin*, 2014 WL 2865076, *2-3 (C.D. Cal. 2014); *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) ("Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence.").

The Commissioner also argues that the "ALJ reasonably found Dr. Bryan did not provide clinical findings to support any further restriction than assessed by the ALJ[.]" (Doc. No. 31.) However, the ALJ did not make such a finding with respect to Dr. Bryan's March 21, 2017 opinion. As the magistrate judge noted, the ALJ instead credited this opinion and expressly stated that he incorporated limitations on bending and twisting of the lower back into the RFC finding, yet the RFC finding clearly did not include any limitations on bending and twisting of the lower back. (Doc. No. 30 at 10.)

Finally, the Commissioner argues that any error was harmless because plaintiff was not precluded from performing other work. (Doc. No. 31 at 4.) In support of this argument, the

3

Commissioner relies entirely on the contention that the occupations of packer, cleaner, and cafeteria attendant require only occasional or no stooping. (*Id.*)  The Commissioner's argument again assumes, without citation to controlling authority, that stooping is synonymous with avoiding bending or twisting of the lower back.  Because the ALJ did not include limitations on bending and twisting of the lower back or otherwise explain how those limitations were adequately encompassed in the RFC determination, the court cannot conclude that any error was "inconsequential to the ultimate nondisability determination" and therefore harmless. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed March 13, 2020 (Doc. No. 30), are ADOPTED IN FULL; and
2. Plaintiff's appeal of the decision of the Commissioner is GRANTED and the action is REMANDED for further administrative proceedings consistent with the findings and recommendations.

IT IS SO ORDERED.

Dated: **June 29, 2020**

_____
UNITED STATES DISTRICT JUDGE