MCGREGOR W. SCOTT
United States Attorney
DEBORAH LEE STACHEL
Regional Chief Counsel, Region IX
Social Security Administration
CAROLYN B. CHEN, CSBN 256628
Special Assistant United States Attorney
    160 Spear Street, Suite 800
    San Francisco, California 94105
    Telephone: (415) 977-8956
    Facsimile: (415) 744-0134
    E-Mail: Carolyn.Chen@ssa.gov

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| SHONTRICE L. GREEN,<br><br>    Plaintiff,<br><br>vs.<br><br>ANDREW SAUL,[1]<br>Commissioner of Social Security,<br><br>    Defendant. | Case No.: 1:19-cv-00058-DAD-BAM<br><br>STIPULATION AND PROPOSED ORDER APPROVING SETTLEMENT OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) |

    IT IS HEREBY STIPULATED by and between the parties, through their undersigned counsel, subject to the Court's approval, that Plaintiff be awarded attorney fees in the amount of FOUR THOUSAND FOUR HUNDRED SEVENTY DOLLARS ($4,470.00), under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).  This amount represents compensation for

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).  *See also* section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

1

all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d).

After the Court issues an order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to Plaintiff's attorney. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees to be made directly to Michael D. Donaldson, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and expenses, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel or counsel's law firm may have relating to EAJA attorney fees and expenses in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

Respectfully submitted,

Dated: September 2, 2020        BILL GORDON & ASSOC.

By: */s/ Michael D. Donaldson*
MICHAEL D. DONALDSON
Attorneys for Plaintiff
(As authorized by email on September 2, 2020)

Dated: September 2, 2020        Respectfully submitted,

2

|  |  |
|---|---|
|  | MCGREGOR W. SCOTT<br>United States Attorney<br>DEBORAH LEE STACHEL<br>Regional Chief Counsel, Region IX<br>Social Security Administration |
| By: | /s/ *Carolyn B. Chen*<br>CAROLYN B. CHEN<br>Special Assistant U.S. Attorney |
|  | Attorneys for Defendant |

## ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED that Plaintiff shall be awarded attorney fees in the amount of FOUR THOUSAND FOUR HUNDRED SEVENTY DOLLARS ($4,470.00) as authorized by 28 U.S.C. § 2412(d), subject to the terms of the above-referenced Stipulation.

IT IS SO ORDERED.

Dated: __September 16, 2020__          _/s/ Dale A. Drozd_
                                    UNITED STATES DISTRICT JUDGE

3